*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
Clayton County, Georgia
Shalonda Green

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

TERICKA BROWN

Plaintiff

Vs.

AUTOZONE, INC.; AUTOZONE, INC., d/b/a/
AUTOZONE STORES, LLC; and BRANDON MORTON

Defendant

2022CV02375

Case Number

## SUMMONS

**AutoZone, Inc.**

TO THE ABOVE NAMED DEFENDANT(S): **123 South Front Street, Memphis, TN 38103**
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Jonathan W. Johnson
Jonathan W. Johnson, LLC
2296 Henderson Mill Road, Suite 406
Atlanta, Georgia 30345

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green

By:_____
Deputy Clerk

**EXHIBIT**

**A**

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TERICKA BROWN                              :
                                          :
        Plaintiff                  :
                                          :    Case No:   **2022CV02375**
vs.                                        :
                                          :
AUTOZONE, INC.;                            :
AUTOZONE, INC. d/b/a AUTOZONE              :    **DEMAND FOR JURY TRIAL**
STORES, LLC; and                           :
BRANDON MORTON                             :
                                          :
        Defendants                 :
                                          :

## COMPLAINT

    Plaintiff TERICKA BROWN by and through her attorneys, Jonathan W. Johnson, LLC,

for this Complaint against Defendants AUTOZONE, INC.; AUTOZONE, INC d/b/a AUTOZONE

STORES, LLC; and BRANDON MORTON jointly and severally, alleges as follows:

### PARTIES

1.    Plaintiff Tericka Brown is a citizen and resident of Georgia.

2.    Defendant AutoZone, Inc. is a Nevada Corporation with principal place of business at 123

South Front Street, Memphis, TN 38103, and its registered agent is C. T. Corporation System, 701

S. Carson Street, Suite 200, Carson City, NV 89701.  AutoZone, Inc. is not registered with the

Georgia Secretary of State, and upon information and belief it is doing business in Georgia by and

through its subsidiary/affiliate, Defendant AutoZone Stores, LLC, which operates in Georgia as

the alter ego of AutoZone, and as an integral part of the single business enterprise of AutoZone.

1

3.      Defendant AutoZone Stores, LLC is a Nevada Limited Liability Company with principal place of business at 123 South Front Street, Memphis, TN 38103; it does business in Georgia as the alter ego of AutoZone, Inc.; it is registered with the Georgia Secretary of State; and its registered agent in Georgia is C. T. Corporation System, 289 S. Culver Street, Lawrenceville, Ga 30046.

4.      Defendant Brandon Morton is a resident of Georgia with resident address at 3132 Brook Hollow Drive, Rex, GA 30273 in Clayton County; and he may be served with process at that address.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this court as this action consists of claims for damages arising from a tortious act done in Georgia, and for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 concerning the same incident, specifically the rape of Plaintiff during her work for AutoZone by the AutoZone Store Manager.  Venue is proper pursuant to O.C.G.A. § 9-10-93 inasmuch as a co-defendant resides in Clayton County.  The subject store is owned and operated, directly or indirectly, by AutoZone, Inc.  Also, O.C.G.A. § 9-10-31 applies to establish venue in Clayton County for all defendants as joint tortfeasors.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES FOR TITLE VII CLAIM

6.      Plaintiff timely filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 21, 2022, which contained the relevant allegations herein set forth.  On August 11, 2022 Plaintiff received a Notice of Right to Sue from the EEOC

2

(Charge No: 410-2022-05026).  This legal action is filed within ninety days of receipt of the Notice of Right to Sue.[1]

## FACTUAL ALLEGATIONS

### I.     The Rape Incident

7.     On February 21, 2022, the Plaintiff ("Tericka") was performing work for her employer AutoZone[2] in its store located at 1805 Memorial Drive, Atlanta, DeKalb County, GA 30317.

8.     The Defendant Brandon Morton was the AutoZone Store Manager at that location.

9.     At or about noontime when there were no other workers or customers in the store, Manager Morton ordered Tericka to report to the rear portion of the store in a section which is secluded from the public access area; and there he suddenly, unexpectedly and forcibly raped Tericka against her will.

10.    Tericka did not consent to any physical contact with Store Manager Morton; she resisted the sexual assault and demanded that he stop; but he was much physically stronger and he overpowered her.

11.    Tericka was traumatized and in a state of shock after the rape, but as soon as she could do so, Tericka called the police and reported what had happened.

12.    Police officers responded by coming to the store, investigating the incident, and arresting AutoZone Store Manager Morton for rape.

---

[1] The Notice of Right to Sue is dated May 16, 2022; however, due to the EEOC's duplication of their records with different charge numbers, and mailing of the Notice to Claimant's old address, neither Claimant nor her attorney received the EEOC Notice of Right to Sue until August 11, 2022.
[2] The name "AutoZone" is used to identify collectively Defendant AutoZone, Inc. and Defendant AutoZone Stores, LLC.; the two entities operate as a unified single business enterprise.

13.     Upon information and belief, the criminal case for rape against Brandon Morton is presently pending in the Superior Court of DeKalb County, Decatur, Georgia.

**II.     The Traumatic Damages Suffered by Plaintiff**

14.     After the rape, Tericka could not bear to return to work at AutoZone.

15.     She suffered the overwhelming shame, humiliation and trauma caused by the rape, which continues to this day; and it has affected every aspect of her life and her relationships with family, friends and others.

16.     Tericka has endured and continues to endure the mental, emotional and psychological injury, pain and suffering inflicted by the rape—scars she must bear for life.

17.     Tericka has sought relief through counselling, but it has not relieved the pain, stress, anxiety, and PTSD of the rape ordeal and its aftermath that is with her every day.

18.     Tericka has incurred costs of counselling, the need for which will continue indefinitely, and the full cost of which is yet to be determined.

**CAUSE OF ACTION – 1**

**(Sexual Harassment in Violation of Title VII – against AUTOZONE)**

19.     Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

20.     This first cause of action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") regarding unlawful employment practices on the basis of sex, and to provide appropriate relief to Plaintiff who was adversely affected by such practices.

4

21.     AutoZone at all times relevant to this action had more that fifteen employees.

22.     AutoZone at all times relevant to this action had continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII.

23.     Tericka belonged to a protected category because of her sex, and she was sexually harassed because she is female.

24.     The AutoZone conduct was unwelcome, severe and created an abusive and hostile work environment.

25.     An employer is vicariously liable for sexual harassment, including sexual abuse, of an employee by her supervisor according to the U.S. Supreme Court.[3]  Such liability is absolute.

26.     Defendant AutoZone is the employer and Defendant Morton is the AutoZone Store Manager who was unequivocally the supervisor of Tericka when he raped her at work.  Therefore, AutoZone is absolutely liable for the rape of Tericka by its Store Manager.  The rape was tantamount to forced termination of her employment because it was no longer possible for her to work for AutoZone due to the traumatic physical, mental, emotional and psychological harm she suffered there.

27.     Further, AutoZone did not exercise reasonable care to prevent its Store Manager from committing the severely abusive and criminal violation of Tericka.

28.     AutoZone engaged in an unlawful employment practice in violation of Title VII, by subjecting Tericka to a severely abusive sexually harassing and hostile work environment where

---

[3] *Vance v. Ball State University,* 133 S. Ct. 2434, (2013).

5

she was raped by the AutoZone Store Manager whom AutoZone had empowered with supervisory authority over her.

29.     As a direct and proximate result of AutoZone's unlawful employment practice, Plaintiff has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and torment that continues to this day.  Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

## CAUSE OF ACTION – 2

### (Negligent Failure to Provide Safe Working Conditions – against AUTOZONE)

30.     Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

31.     AutoZone had a duty to provide safe working conditions for its employees free of sexual harassment and abuse under common law, OSHA and Georgia Labor laws.

32.     AutoZone breached that duty by negligently failing to provide safe working conditions free of sexual harassment and abuse which resulted in the rape of Tericka by AutoZone Store Manager Morton.

33.     As a direct and proximate result of AutoZone's negligent employment practices, Tericka has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day.  Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

6

## CAUSE OF ACTION – 3

### (Negligent Hiring, Training, Supervision and/or Retention – against AUTOZONE)

34.     Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

35.     AutoZone was negligent in hiring Defendant Morton and entrusting him with the power and authority of Store Manager because it knew or should have known or should have determined his propensity for abusive behavior, sexual harassment and assault.

36.     AutoZone was negligent in training and supervising Defendant Morton as he served as Store Manager because it knew or should have known or should have determined his propensity for abusive behavior, sexual harassment and assault.

37.     AutoZone was negligent in retaining Defendant Morton to serve as Store Manager because it knew or should have known or should have determined his propensity for abusive behavior, sexual harassment and assault.

38.     AutoZone is liable for the injuries to Tericka caused by the rape due to its negligent hiring, training, supervision and/or retention of Defendant Morton to whom AutoZone delegated supervisory authority over Tericka.

39.     As a direct and proximate result of AutoZone's negligent hiring, training, supervision and/or retention of Defendant Morton, Tericka has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day.  Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

7

## CAUSE OF ACTION – 4

### (Assault and Battery – against AUTOZONE and Supervisor Morton)

40.     Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

41.     AutoZone Store Manager, Defendant Morton, committed assault of Tericka by placing her in fear of imminent harmful or offensive contact.  Tericka never consented to any such behavior by the AutoZone Store Manager.

42.     Defendant Morton committed a battery of Tericka by intentionally and wrongfully making physical contact with her without her consent.  Tericka never consented to any such behavior by the AutoZone Store Manager.

43.     The AutoZone Store Manager aggravated the assault and battery by forcefully raping Tericka.

44.     AutoZone and the AutoZone Store Manager, Defendant Morton, are jointly and severability liable for the damages to Tericka caused by the rape as AutoZone is vicariously liable for the acts of its supervisor and agent.

45.     As a direct and proximate result of the assault and battery of Tericka, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day.  Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

## CAUSE OF ACTION – 5

### (False Imprisonment – against AUTOZONE and Supervisor Morton)

46.    Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

47.    Prior to and during the rape of Tericka, Defendant Morton intended to, and did in fact, confine her in the secluded section of the store where she could not escape; Tericka was conscious of the confinement as she felt trapped and overpowered; Tericka did not consent to the confinement; and the confinement of Tericka was not privileged in any way.  Consequently, Defendant Morton engaged in and is liable for the false imprisonment of Plaintiff.

48.    AutoZone and Defendant Morton are jointly and severability liable for the false imprisonment and rape of Plaintiff, as AutoZone is vicariously liable for the acts of its supervisor and agent.

49.    As a direct and proximate result of AutoZone and the AutoZone Store Manager's false imprisonment and rape of Plaintiff, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day.  Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

## CAUSE OF ACTION – 6

### (Negligent Infliction of Emotional Distress – against AUTOZONE and Supervisor Morton)

50.    Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

51.     The rape of Tericka by the AutoZone Store Manager was extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society.  The conduct was undertaken with complete disregard of the severe emotional distress it was certain to cause, and indeed which it did in fact cause to Tericka. AutoZone breached its duty to provide safe working conditions for its employees free of sexual harassment and abuse.

52.     AutoZone and the AutoZone Store Manager are jointly and severability liable for the negligent infliction of emotional distress on Plaintiff caused by the rape, as AutoZone is vicariously liable for the acts of its supervisor and agent.

53.     As a direct and proximate result of AutoZone and the AutoZone Store Manager's negligent infliction of emotional distress on Plaintiff, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day.  Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

### CAUSE OF ACTION – 7
#### (Intentional Infliction of Emotional Distress – against AUTOZONE and Supervisor Morton)

54.     Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

55.     The rape of Tericka by the AutoZone Store Manager was extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society.  The conduct was undertaken intentionally and with complete disregard of

10

the severe emotional distress it was certain to cause, and indeed which it did in fact cause to Tericka.

56.    AutoZone and the AutoZone Store Manager are jointly and severability liable for the intentional infliction of emotional distress on Plaintiff caused by the rape, as AutoZone is vicariously liable for the acts of its supervisor and agent.

57.    As a direct and proximate result of AutoZone and the AutoZone Store Manager's intentional infliction of emotional distress on Tericka, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day.  Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to grant judgment against Defendants:

1.    For compensatory and general damages for Plaintiff, including the pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD she has suffered and continues to suffer, in an amount according to proof;

2.    For special and economic damages for Plaintiff, including lost income, past and future expenses, according to proof;

3.    For punitive damages for Plaintiff in an amount to be determined by a jury at trial;

4.    For attorneys' fees and costs of suit incurred herein;

5.    For such other and further relief as this Court may deem just and proper.

11

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

This 26th day of October 2022

**JONATHAN W. JOHNSON LLC**
2296 Henderson Mill Road, Suite 406
Atlanta, GA 30345
404.298.0795 Telephone
404.941.2285 Facsimile
jwj@jonathanjohnsonatlantalawyer.com

_/s/ Jonathan W. Johnson_
 Jonathan W. Johnson
 Georgia Bar Number: 394830
 _Attorneys for Plaintiffs_

12

e-Filed 10/26/2022 10:37 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TERICKA BROWN                                    :
                                                 :
        Plaintiff                    :          Case No: **2022CV02375**
                                                 :
vs.                                              :
                                                 :
AUTOZONE, INC.;                                  :
AUTOZONE, INC. d/b/a AUTOZONE                    :
STORES, LLC; and                                 :
BRANDON MORTON                                    :
                                                 :
        Defendants                   :
                                                 :

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BRANDON MORTON

Plaintiff in the above-styled action hereby requests that defendants, by and through your agents and employees, admit for the purpose of this action the truth of the following facts within thirty days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualification. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

1.

Admit Defendants have been properly named, insofar as your proper legal designation.

2.

Admit you have been properly served.

3.

Admit Process is sufficient.

4.

Admit Service of process is sufficient.

5.

Admit Venue is proper in the State Court of Dekalb County, Georgia.

6.

Admit The State Court of Dekalb County, Georgia has subject matter jurisdiction over this case.

7.

Admit you are subject to the personal jurisdiction of the State Court of Dekalb County, Georgia.

8.

Admit Plaintiff has not failed to join a party under OCGA § 9-11-19.

9.

Admit at the time of the Incident referenced in the Complaint you were employed by AutoZone, Inc.

10.

Admit you were working at the AutoZone store located at 1805 Memorial Drive, Atlanta, Georgia 30317 on the date of the Incident.

11.

Admit Tericka Brown was an employee of AutoZone at the time of the Incident.

12.

Admit you were Tericka Brown's supervisor at the time of the Incident.

13.

Admit Tericka Brown and you were alone in the AutoZone store located at 1805 Memorial Drive, Atlanta, Georgia 30317 at the time of the Incident.

14.

Admit you had a weapon at the AutoZone located at 1805 Memorial Drive, Atlanta, Georgia 30317 on the date of the Incident.

15.

Admit you had a weapon at the AutoZone located at 1805 Memorial Drive, Atlanta, Georgia 30317 previous to the date of the Incident.

16.

Admit you hired Tericka Brown to work at AutoZone.

17.

Admit you inappropriately touched Tericka Brown at the AutoZone located at 1805 Memorial Drive, Atlanta, Georgia 30317.

18.

Admit you sexually harassed Tericka Brown at the AutoZone located at 1805 Memorial Drive, Atlanta, Georgia 30317.

2022CV02375

19.

Admit you sexually assaulted Tericka Brown at the AutoZone located at 1805
Memorial Drive, Atlanta, Georgia 30317.

20.

Admit you raped Tericka Brown at the AutoZone located at 1805 Memorial
Drive, Atlanta, Georgia 30317.

21.

Admit you have had sexual relations with at least one other employee of
AutoZone who was under your supervision.

22.

Admit you had sexual relations with Shinel Powell, an employee of AutoZone.

23.

Admit you had sexual relations with Shinel Powell at the AutoZone located at
1805 Memorial Drive, Atlanta, Georgia 30317.

24.

Admit you supervised Shinel Powell at AutoZone.

25.

Admit that you have been charged with raping Plaintiff.

26.

Admit that you have been diagnosed with a sexually transmitted disease.

27.

Admit that you were sexually attracted to Plaintiff.

28.

Admit that you sought a personal relationship with Plaintiff.


Respectfully submitted this 26th day of October, 2022.


/s/ Jonathan W. Johnson
Jonathan W. Johnson
Attorney for Plaintiff
Georgia Bar No: 394830


**JONATHAN W. JOHNSON, LLC**
2296 Henderson Mill Road, Suite 406
Atlanta, Georgia 30345
Telephone: (404) 298-0795
Facsimile: (404) 941-2285

e-Filed 10/26/2022 10:37 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TERICKA BROWN                              :
                                           :
              Plaintiff                    :        Case No: **2022CV02375**
                                           :
    vs.                                    :
                                           :
AUTOZONE, INC.;                            :
AUTOZONE, INC. d/b/a AUTOZONE              :
STORES, LLC; and                           :
BRANDON MORTON                             :
                                           :
              Defendants                   :
                                           :

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
### AUTOZONE, INC.

Plaintiff in the above-styled action hereby requests that defendants, by and through your agents and employees, admit for the purpose of this action the truth of the following facts within thirty days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualification. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

-1-

2022CV02375

1.

Admit Defendants have been properly named, insofar as your proper legal designation.

2.

Admit you have been properly served.

3.

Admit Process is sufficient.

4.

Admit Service of process is sufficient.

5.

Admit Venue is proper in the State Court of Dekalb County, Georgia.

6.

Admit The State Court of Dekalb County, Georgia has subject matter jurisdiction over this case.

7.

Admit you are subject to the personal jurisdiction of the State Court of Dekalb County, Georgia.

8.

Admit Plaintiff has not failed to join a party under OCGA § 9-11-19.

9.

Admit at the time of the Incident referenced in the Complaint Brandon Morton was employed by AutoZone, Inc.

10.

Admit Tericka Brown was an employee of AutoZone at the time of the Incident.

11.

Admit Brandon Morton was Tericka Brown's supervisor at the time of the
Incident.

12.

Admit Brandon Morton hired Tericka Brown to work at AutoZone.

13.

Admit Shinel Powell was an employee of AutoZone at the time of the Incident.

14.

Admit sexual relations between supervisors and employees is against AutoZone
company policy.

15.

Admit carrying a weapon or firearm by supervisors and employees while on duty
is against AutoZone company policy.

16.

Admit you are aware of other incidents in which AutoZone supervisors raped
employees of AutoZone prior to the Incident referenced in the Complaint.

17.

Admit you have settled other cases in which AutoZone a supervisor raped an
employee of AutoZone prior to the Incident referenced in the Complaint.

18.

Admit you are aware of other incidents in which AutoZone supervisors sexually
assaulted employees of AutoZone prior to the Incident referenced in the Complaint.

19.

Admit you have settled other cases in which AutoZone a supervisor sexually assaulted an employee of AutoZone prior to the Incident referenced in the Complaint.

20.

Admit you are aware of other incidents in which AutoZone supervisors sexually harassed employees of AutoZone prior to the Incident referenced in the Complaint.

21.

Admit you have settled other cases in which AutoZone a supervisor sexually harassed an employee of AutoZone prior to the Incident referenced in the Complaint.

21.

Admit you failed to provide Brandon Morton with proper training regarding sexual harassment in the workplace.

22.

Admit you negligently vetted Brandon Morton before hiring him at AutoZone.

23.

Admit you negligently vetted and trained Brandon Morton before giving him a supervisory position at AutoZone.

24.

Admit you negligently retained Brandon Morton as a supervisor/employee of AutoZone.

Respectfully submitted this 26th day of October, 2022.

/s/ Jonathan W. Johnson
Jonathan W. Johnson
Attorney for Plaintiff
Georgia Bar No: 394830

**JONATHAN W. JOHNSON, LLC**
2296 Henderson Mill Road, Suite 406
Atlanta, Georgia 30345
Telephone: (404) 298-0795
Facsimile: (404) 941-2285

e-Filed 10/26/2022 10:37 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TERICKA BROWN                 :

         Plaintiff           :      Case No. 2022CV02375

vs.                       :

AUTOZONE, INC.;           :
AUTOZONE, INC. d/b/a AUTOZONE  :
STORES, LLC; and          :
BRANDON MORTON        :

         Defendants      :

### CLAIMANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BRANDON MORTON

Claimant Tericka Brown hereby submits her Interrogatories and Request for Production of

Documents to Defendant Brandon Morton pursuant to O.C.G.A. §§ 9-11-26, 9-11-33 and 9-11-34

that Defendant Morton respond to the following written Interrogatories and Request for Production

of Documents, under oath, within thirty (30) days from the date of service as provided by law,

with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at,

**JONATHAN W. JOHNSON, LLC, 2296 Henderson Mill Road, Suite 406, Atlanta, Georgia**

**30345.**

### DEFINITIONS

**Communication.** The term "communication" as used herein means the transmittal of

information in any form.

**Document.** The term "document" as used herein specifically includes communication and

is defined to be synonymous in meaning and equal in scope to the usage of the term "documents

or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), i.e., "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to persons).**  When referring to a person, "to identify" as used herein means to give, to the extent known, the person's full name, present or last known address, telephone number and email address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Identify (with respect to documents).**  When referring to documents, "to identify" as used herein means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with sufficient identifying information.

**Person.**  The term "person" as used herein is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

**Concerning.**  The term "concerning" as used herein means concerning, relating to, referring to, describing, evidencing or constituting.

**All/Any/Each.**  The terms "all" "any" or "each" shall each be construed as encompassing any and all.

**And/or.**  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**AutoZone.**  The name "AutoZone" as used herein refers collectively to Defendant AutoZone, Inc. and Defendant AutoZone, Inc. d/b/a AutoZone Stores, LLC.

**The Incident.**  The term "the Incident" as used herein means the incident as described in Complaint.

**Sexual Incident.**  The term "Sexual Incident" as used herein means an incident as described in Complaint.

## PRIVILEGE

If Respondent claims that any document within the scope of these Interrogatories or Requests is privileged, then, on a separate schedule, and as to each such document, state: (a) the author of the document; (b) the date of the document; (c) the recipient or intended recipient of the document or the addressee of the document; (d) all other persons to whom the document was circulated or distributed; (e)   the reason for non-production (such as the attorney-client privilege, the work-product doctrine, etc.); (f) the number of pages in the document; (g) the general subject matter of the document; (h) a description of the facts contained in each such document; and (i) the request number to which the document is responsive.

## INTERROGATORIES

1.      State your legal name and address.

2.      Identify all places of employment for the past 10 years.

3.      Identify all of the weapons and firearms that you have owned in the last 5 years.

4.      Identify the states in which the weapons and firearms listed in Interrogatory #3 are registered.

5.      Identify the names of any firearm's safety training courses you have taken and the dates in which you took them.

6.      Identify all of the weapons and firearms that are owned by individuals that live with you in your household.

7.      Identify the states in which the weapons and firearms listed in Interrogatory #6 are registered.

8.      State whether you have ever been convicted of a misdemeanor and provide the year and jurisdiction for each offense.

9.      State whether you have ever been convicted of a felony and provide the year and jurisdiction for each offense.

10.     Have you ever carried a weapon on your person or on the premises while working for AutoZone? If yes, please describe the weapon.

11.     Were you carrying a weapon on the date of the Incident referenced in the Complaint? If yes, please describe the weapon.

12.     State whether AutoZone policy permits you to carry a weapon while working.

13.     Has AutoZone ever provided you with sexual discrimination, sexual harassment, and/or sexual abuse training?

14.     Have you ever had sexual relations with an employee of AutoZone who was under your supervision?

15.     Identify the names, phone numbers, and addresses of any AutoZone employee with whom you have had sexual contact.

16.     State your cell phone number and cellular service provider on the date of the Incident.

17.     Provide your description for the events that occurred on the date of the Incident.

18.     Identify any persons to whom you have spoken about the Incident and state their phone numbers and addresses.

19.     Identify any persons who witnessed the occurrence in question and state their addresses.

20.     Describe the location of video surveillance cameras at the Autozone where you were last employed.

21.     Are you still employed by Autozone?  If not, explain the reason for your separation from the company.

22.     Has anyone ever made a complaint against you based on allegations of unwanted sexual contact or harassment?

23.     Who resides with you in your home?

24      Have you ever been married?  If so, identify the name of the person you were married to and the dates of marriage.

25.     Have you ever tested positive or been treated for a sexually transmitted disease?  If so, identify which disease you had and the dates on which you were diagnosed or treated for such disease.

26.     Have you viewed any surveillance video or images from the Autozone store where the alleged incident with plaintiff occurred?  If so, identify the time and place where you viewed it.

27.     Identify all legal matters in which you have been a party by date, docket number, county, and type of case or claim.

28.     Do you have any policies of insurance that would cover you for any of the claim asserted by plaintiff in this case.  If so, please identify them by carrier and policy number.

29.     Do you contend that plaintiff consented to have sex with you?  If so, please provide all evidence supporting your contention that plaintiff consented to have sex with you.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents identified, or otherwise referenced, in your responses to interrogatories.

2.     Please produce registrations for all weapons listed in your responses to interrogatories.

3.      Produce all documents reflecting communications between you and Plaintiff.

4.     Produce all documents reflecting communications between you and Shinel Powell.

5.     Produce all communications between you and Autozone related to your employment.

6.     Produce all communications with Autozone related to the incident alleged by Plaintiff.

Respectfully submitted this 26th day of October, 2022.

**Jonathan W. Johnson, LLC**                    */s/ Jonathan W. Johnson*
2296 Henderson Mill Road, Suite 304            Jonathan W. Johnson
Atlanta, GA 30345                              Georgia Bar No: 394830
(404) 298-0795 Telephone                       *Attorneys for Claimant*
(404) 941-2285 Facsimile
jwj@jonathanjohnsonatlantalawyer.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| TERICKA BROWN | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| AUTOZONE, INC.; | : |
| AUTOZONE, INC. d/b/a AUTOZONE | : |
| STORES, LLC; and | : |
| BRANDON MORTON | : |
| | : |
| Defendants | : |

Case No: **2022CV02375**

### CLAIMANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO THE AUTOZONE DEFENDANTS[1]

Claimant Tericka Brown hereby submits her Interrogatories and Request for Production of Documents to the AutoZone Defendants pursuant to O.C.G.A. §§ 9-11-26, 9-11-33 and 9-11-34 that AutoZone Defendants respond to the following written Interrogatories and Request for Production of Documents, under oath, within thirty (30) days from the date of service as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at, **JONATHAN W. JOHNSON, LLC, 2296 Henderson Mill Road, Suite 406, Atlanta, Georgia 30345.**

### DEFINITIONS

**Communication.** The term "communication" as used herein means the transmittal of information in any form.

---

[1] Defendants AutoZone, Inc. and AutoZone, Inc. d/b/a AutoZone Sores, LLC are collectively referred to as "AutoZone" herein.

1

**Document.**  The term "document" as used herein specifically includes communication and is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), i.e., "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."  A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to persons).**  When referring to a person, "to identify" as used herein means to give, to the extent known, the person's full name, present or last known address, telephone number and email address and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Identify (with respect to documents).**  When referring to documents, "to identify" as used herein means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with sufficient identifying information.

**Person.**  The term "person" as used herein is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

**Concerning.**  The term "concerning" as used herein means concerning, relating to, referring to, describing, evidencing or constituting.

2

**All/Any/Each.** The terms "all" "any" or "each" shall each be construed as encompassing any and all.

**And/or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**AutoZone.** The name "AutoZone" as used herein refers collectively to Defendant AutoZone, Inc. and Defendant AutoZone, Inc. d/b/a AutoZone Stores, LLC.

**The Incident.** The term "the Incident" as used herein means the incident as described in Interrogatory Number 1.

**Sexual Incident.** The term "Sexual Incident" as used herein means an incident as described in Interrogatory Number 6.

**Negligent Employment Incident.** The term "Negligent Employment Incident" as used herein means an incident as described in Interrogatory Number 10.

<u>PRIVILEGE</u>

If Respondent claims that any document within the scope of these Interrogatories or Requests is privileged, then, on a separate schedule, and as to each such document, state: (a) the author of the document; (b) the date of the document; (c) the recipient or intended recipient of the document or the addressee of the document; (d) all other persons to whom the document was circulated or distributed; (e)  the reason for non-production (such as the attorney-client privilege, the work-product doctrine, etc.); (f) the number of pages in the document; (g) the general subject

3

matter of the document; (h) a description of the facts contained in each such document; and (i) the request number to which the document is responsive.

## INTERROGATORIES

1.      Please identify all documents in the possession, custody or control of AutoZone concerning the incident (herein "the Incident" ) in which Claimant asserts that she was sexually abused on February 21, 2022 by AutoZone Store Manager Bandon Morton (herein "Defendant Morton") while she was working as an employee of AutoZone, specifically including but not limited to all statements taken, all reports, and all videos and other recordings; and please identify the people with knowledge or information concerning the Incident.

2.      With regard to Defendant Morton: please state his dates of employment with AutoZone; his position, duties and responsibilities as of February 21, 2022; and please identify any pre-employment, on-boarding, and subsequent inquiries and investigations and the results thereof; any criminal records; and all personnel and other employment files, including any documents concerning hiring, training, supervision, evaluation, discipline and/or termination of his employment with AutoZone; and please identify all persons with knowledge or information concerning Defendant Morton.

3.      Please identify the people in the AutoZone chain of command/authority regarding Defendant Morton, from his immediate manager up to the AutoZone executive officer with authority over him as of February 21, 2022, and the specific position, job description, duties and responsibilities of each such person concerning prevention and detection of sexual abuse of employees, and remediation thereof; and please identify the documents relevant thereto.

4

4.      With regard to Plaintiff: please state her dates of employment with AutoZone; identify the people who had supervisory authority over her during her employment; and please identify all documents in the possession, custody or control of AutoZone concerning Plaintiff, specifically including all personnel and other employment files and records and all agreements signed by Plaintiff; and please identify the people with knowledge or information concerning Plaintiff and her employment with AutoZone.

5.      Please identify all documents concerning, and consisting of, AutoZone employee handbooks, employment manuals, and other documents and correspondence concerning AutoZone employment policy, procedure and practice, specifically including but not limited to, sexual discrimination, sexual harassment, sexual abuse, and the information, education and training provided to officers, directors and/or employees for the prevention, detection and remediation of sexual discrimination, sexual harassment and sexual abuse; and please identify the people with knowledge or information relevant thereto.

6.      Please identify all documents concerning, and/or consisting of, information relevant to any alleged sexual discrimination, sexual harassment and/or sexual abuse of any AutoZone employee, inclusive of Title VII[2] claims (collectively herein "Sexual Incident"), including but not limited to, all reports, complaints, claims, investigations (internal and external to AutoZone) and lawsuits concerning each Sexual Incident for the period beginning ten years before the Incident involving Plaintiff, i.e., beginning February 21, 2012, through the present time; and please identify the people with knowledge or information relevant thereto.

---

[2] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

5

7.      Please identify all documents concerning, and/or consisting of, any agreement reached as a result of any complaint, claim or lawsuit involving AutoZone and alleging a Sexual Incident, specifically including but not limited to any settlement agreement whereby AutoZone agreed to compensate the alleged victim, and/or agreed to change, modify, correct or improve its policy, procedure or practice concerning sexual discrimination, sexual harassment and/or sexual abuse; and please identify the people with knowledge or information relevant thereto.

8.      Please identify all documents concerning, and/or consisting of, the policy, procedure and practice of AutoZone in keeping its officers and directors informed regarding allegations of Sexual Incidents, and taking corrective action to prevent, detect and remedy any further Sexual Incidents; and please identify the people with knowledge or information relevant thereto.

9.      Please identify all documents concerning any action taken by AutoZone in response to Sexual Incidents for the period beginning ten years before the incident involving Plaintiff, i.e., beginning February 21, 2012, through the present time; and please identify the people with knowledge or information relevant thereto.

10.     Please identify all documents concerning any alleged negligent, reckless or careless hiring, training, supervision and/or retention of any employee by AutoZone (collectively herein "Negligent Employment Incident"), including but not limited to, all reports, complaints, claims and investigations (internal and external to ABM), and lawsuits concerning any Negligent Employment Incident for the period beginning ten years before the incident involving Plaintiff, i.e., beginning February 21, 2012, through the present time; and please identify the people with knowledge or information relevant thereto.

6

11.    Please identify all documents concerning any action taken by AutoZone in response to any Negligent Employment Incident for the period beginning ten years before the Incident involving Plaintiff, i.e., beginning February 21, 2012, through the present time; and please identify the people with knowledge or information relevant thereto.

12.    Please state the name, address and telephone number of each person likely to have discoverable information that AutoZone may use to support its claims or defenses, and please describe the subject matter of such information.

13.    Please identify all witnesses, including expert witnesses, AutoZone may call at the trial of this case, and with respect to each expert witnesses please provide a written report.

14.    Please identify any insurance policy or contract issued to AutoZone, Inc., or any other person, firm, limited liability company, partnership or corporation that might provide any coverage as to the Incident, including primary coverage, supplemental or umbrella coverage and coverage of AutoZone, Inc., please state as to each:

    (a) The policy number;

    (b) The policy limits of any liability or medical payments coverage;

    (c) The complete name and address of the insurance company issuing the policy indicating which company or companies are providing a defense as to this action;

    (d) The claim number and /or file number of the insurance carrier issuing the policy; and

    (e) Whether or not you are presented under a non-waiver agreement or reservation of rights, and if so, the specific reason(s) for such non-waiver agreement or reservation of rights.

7

15.     Identify all persons employed by Defendant at the location where plaintiff was employed in the month of February, 2022.

16.     Identify all persons working for Defendant at the location where plaintiff was employed on February 21, 2022.

17.     Identify all persons responsible for security at the location where plaintiff was employed on February 21, 2022.

18.     Identify all persons responsible for video surveillance at the location where plaintiff was employed on February 21, 2022.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents identified, or otherwise referenced, in your responses to interrogatories.

2.     Please produce all documents in the possession, custody and/or control of AutoZone concerning the Incident in which Plaintiff asserts that she was sexually abused on February 21, 2022 by AutoZone Store Manager Morton while working as an employee of AutoZone, specifically including but not limited to all statements taken, all reports, and all videos and other recordings.

3.     Please produce all documents in the possession, custody and/or control of AutoZone concerning Defendant Morton, specifically including but not limited to: his position, duties and responsibilities as of February 21, 2022; any pre-employment, on-boarding, and subsequent, inquiries and investigations and the results thereof; any criminal records; all personnel and other

8

employment files, including any documents concerning hiring, training, supervision, evaluation, discipline and termination of his employment with AutoZone, including payment records.

4.      Please produce all documents in the possession, custody and/or control of AutoZone concerning the people in the chain of command/authority for Defendant Morton, from his immediate manager up to the executive officer with authority over him, as of February 21, 2022, specifically including documents which evidence the specific position, job description, duties and responsibilities of each such person concerning prevention and detection of sexual abuse of employees, and remediation thereof.

5.      Please produce all documents in the possession, custody and/or control of AutoZone concerning Plaintiff, specifically including but not limited to all agreements signed by her, and her personnel and other employment files and records, including her payment records.

6.      Please produce all documents in the possession, custody and/or control of AutoZone concerning the supervision of Plaintiff during her employment with AutoZone, the dates each person was responsible for directly supervising Plaintiff, and the job description, duties, responsibilities and authority of each such person when supervising Plaintiff, specifically including but not limited to, any duties, responsibilities and authority concerning prevention and detection of sexual abuse of employees, and remediation thereof.

7.      Please produce all documents in the possession, custody and/or control of AutoZone concerning ABM's policy, procedure and practice regarding sexual discrimination, sexual harassment and sexual abuse of its employees, and the information, education and training provided to officers, directors and/or employees for the prevention, detection and remediation of sexual discrimination, sexual harassment and sexual abuse.

9

8.      Please produce all documents in the possession, custody and/or control of AutoZone consisting of or concerning AutoZone employee handbooks, employment manuals, and other documents and correspondence concerning AutoZone employment policy, procedure and practice, specifically including but not limited to, sexual discrimination, sexual harassment, sexual abuse, and the information, education and training pertaining thereto.

9.      Please produce all documents in the possession, custody and/or control of AutoZone concerning any Sexual Incident (as defined in Interrogatory number 6) including but not limited to all reports, complaints, claims, investigations (internal and external to AutoZone), and all lawsuits concerning any Sexual Incident for the period beginning ten years before the Incident involving Plaintiff, i.e., beginning February 21, 2012, through the present time.

10.     Please produce all documents in the possession, custody and/or control of AutoZone consisting of or concerning any agreements reached as a result of any complaint, claim or lawsuit involving AutoZone and alleging a Sexual Incident, specifically including but not limited to any settlement agreement whereby AutoZone agreed to compensate the alleged victim, and/or agreed to change, modify, correct or improve its policy, procedure or practice concerning sexual discrimination, sexual harassment and/or sexual abuse.

11.     Please produce all documents in the possession, custody and/or control of AutoZone consisting of or concerning the policy, procedure and practice of AutoZone in keeping its officers and directors informed concerning allegations of Sexual Incidents, and taking corrective action to prevent, detect and remedy any further Sexual Incidents.

12.     Please produce all documents in the possession, custody and/or control of AutoZone concerning any action taken by AutoZone in response to Sexual Incidents for the period beginning

10

ten years before the Incident involving Claimant, i.e., beginning February 21, 2012, through the present time.

13.     Please produce all documents in the possession, custody and/or control of AutoZone concerning any alleged Negligent Employment Incident (as defined in Interrogatory number 10), including but not limited to, all reports, complaints, claims and investigations (internal and external to ABM), and all lawsuits, for the period beginning ten years before the Incident involving Plaintiff, i.e., beginning February 21, 2012, through the present time.

14.     Please produce all documents in the possession, custody and/or control of AutoZone, including all communication, concerning any action taken in response to any alleged Negligent Employment Incident for the period beginning ten years before the Incident involving Plaintiff, i.e., beginning February 21, 2012, through the present time.

15.     Please produce all documents, electronically stored information, and tangible things that AutoZone has in its possession, custody or control and may use to support its claims or defenses.

16.     Please produce the written report for each expert witness for AutoZone when applicable.

17.     Please produce all documents related to the use, installation, or maintenance of video surveillance or other security systems on store premises, including the location at which plaintiff was employed.

18.     Please produce all documents related to the policy and declaration page of any insurance identified in Interrogatory #14.

        Respectfully submitted this 26th day of October, 2022.

**Jonathan W. Johnson, LLC**                    /s/ Jonathan W. Johnson
2296 Henderson Mill Road, Suite 304        Jonathan W. Johnson

11

2022CV02375

Atlanta, GA 30345                           Georgia Bar No: 394830
(404) 298-0795 Telephone                    *Attorneys for Claimant*
(404) 941-2285 Facsimile
jwj@jonathanjohnsonatlantalawyer.com

12

2022CV02375

e-Filed 10/26/2022 10:37 AM

## General Civil and Domestic Relations Case Filing Instructions

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one* type of case within those categories. Check the case type that most accurately describes the primary case. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide the type of post-judgment action, if applicable, by checking the appropriate box. Post-judgment cases are those that seek to enforce or modify an existing judgment. If the case is a post-judgment matter, an initial case type in the general civil and domestic relations boxes must be checked.
6. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

### Case Type Definitions

#### General Civil Cases

**Automobile Tort**: Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal**: Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contract**: Any case involving a dispute over an agreement between two or more parties.

**Garnishment**: Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort**: Any tort case that is not defined or is not attributable to one of the other torts.

**Habeas Corpus**: Any case designed to test the legality of the detention or imprisonment of an individual, not the question of guilt or innocence.

**Injunction/Mandamus/Other Writ**: Cases involving a written court order directed to a specific person, requiring that person to perform or refrain from performing a specific act.

**Landlord/Tenant**: Any case involving landlord/tenant disputes wherein the landlord removes a tenant and his/her property from the premises or places a lien on tenant property to repay debt.

**Medical Malpractice Tort**: Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort**: Any tort case that alleges injury is caused to a person by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property**: Any case involving disputes over the ownership, use, boundaries, or value of fixed land.

**Restraining Petition**: Any petition for a restraining order that does not result from a domestic altercation or is not between parties considered to be in a domestic relationship.

**Other General Civil**: Any case in which a plaintiff requests the enforcement or protection of a right or the redress or prevention of a wrong, but does not fit into one of the other defined case categories.

#### Domestic Relations Cases

**Adoption**: Cases involving a request for the establishment of a new, permanent relationship of parent and child between persons not so biologically related.

**Dissolution/Divorce/Separate Maintenance**: Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition**: Any case in which a protective order from a family member or domestic partner is requested.

**Paternity/Legitimation**: Cases involving the establishment of the identity and/or responsibilities of the father of a minor child or the determination of biological offspring.

**Support – IV-D**: Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required, under Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Support – Private (non-IV-D)**: Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by law, but who is not under the auspices of Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Other Domestic Relations**: Domestic relations cases, including name changes, that do not adequately fit into any of the other case types.

#### Post-Judgment

**Contempt**: Any case alleging failure to comply with a previously existing court order.

**Modification**: Any case seeking to change the terms of a previously existing court order.

**Other/Administrative**: Any case with post-judgment activity that does not fit into contempt or modification categories.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in the case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form cannot be entered into evidence.

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Clayton _____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed  10/26/2022 | Case Number | 2022CV02375 |
| MM-DD-YYYY | | |

**Plaintiff(s)**
Brown, Tericka

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
AutoZone, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| AutoZone, Inc. d/b/a/ AutoZone Stores, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Morton, Brandon | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Jonathan W. Johnson      **Bar Number** 394830      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☒ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate
   Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
   ☐ Non-payment of child support,
      medical support, or alimony
☐ Modification
☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number      _____ Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18