IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| TERICKA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOZONE STORES LLC;<br>AUTOZONERS, LLC; and BRANDON<br>MORTON,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:22-cv-4529-JPB-JEM |

## FIRST AMENDED COMPLAINT

With the written consent of Defendants obtained via e-mail on January 20, 2023, Plaintiff Tericka Brown files this First Amended Complaint against AutoZone Stores LLC, AutoZoners, LLC, and Brandon Morton, as follows:

### *Parties, Jurisdiction, and Venue*

1.

Plaintiff Tericka Brown is a citizen and resident of Georgia. She may be contacted through undersigned counsel.

2.

Defendant AutoZone Stores LLC is a Nevada limited liability company that maintains its principal place of business in Tennessee. It is registered to do

business in Georgia and may be served through its registered agent, which is The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040.

3.

Defendant AutoZoners, LLC is a Nevada limited liability company that maintains its principal place of business in Tennessee. It is registered to do business in Georgia and may be served through its registered agent, which is The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040. It is being added as Defendant based on Counsel's representation that it is the entity that employed Plaintiff and Defendant Morton.

4.

AutoZone Stores LLC and AutoZoners, LLC (collectively, "AutoZone") are engaged in a joint venture in that they have combine their property, labor, or both in a joint undertaking for profit (namely, the operation of a retail chain specializing in automotive parts and accessories) with rights of mutual control. The joint undertaking is not a partnership. This joint venture between AutoZone Stores LLC and AutoZoners, LLC renders both corporate defendants liable for the tortious acts of the other.

5.

Defendant Brandon Morton is a citizen and resident of Georgia who resides and may be served at 3132 Hollow Drive, Rex, Clayton County, Georgia 30273.

6.

This case was originally filed in the Superior Court of Clayton County and removed to this Court by AutoZone, which has jurisdiction under 28 U.S.C. §§ 1331 and 1441.

7.

Venue is proper in this Court because this is the judicial district and division in which the facts giving rise to Plaintiff's claims occurred and in which the Superior Court of Clayton County, from which this case was removed, is located.

*Exhaustion of Administrative Remedies for Title VII Claim*

8.

Plaintiff timely filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 21, 2022. The Charge was assigned Charge No. 410-2022-05026.

9.

On August 11, 2022, Plaintiff received the right-to-sue notice from the EEOC.

10.

Plaintiff filed her original Complaint within 90 days of her receipt of the right-to-sue notice from the EEOC.

11.

All administrative remedies and other prerequisites to suit have been exhausted or satisfied.

### Facts Relevant to All Claims

*The Assault of Plaintiff by Defendant Morton*

12.

On February 21, 2022, Plaintiff and Defendant Morton were each employed by AutoZone at a store located at 1805 Memorial Drive, Atlanta, DeKalb County, Georgia 30317. Defendant Morton was AutoZone's store manager at that location.

13.

Plaintiff reported to work on February 21, 2022. At or around noon, when there were no other workers or customers in the store apart from Plaintiff and Defendant Morton, Defendant Morton ordered Plaintiff to report to the rear portion of the store, in a section that is secluded from the public access area. There, Defendant Morton suddenly, unexpectedly, and forcibly raped Plaintiff against her will.

- 4 -

14.

Plaintiff did not consent to any physical contact with Store Manager Morton. She resisted the sexual assault and demanded that he stop, but he was much physically stronger and he overpowered her.

15.

Plaintiff was traumatized and in a state of shock after the rape, but as soon as she could do so, Tericka called the police and reported what had happened.

16.

Police officers responded by coming to the store, investigating the incident, and arresting Defendant Morton for rape

*The Criminal Charges Against Defendant Morton*

17.

Defendant Morton was charged with rape in violation of O.C.G.A. § 16-6-1(a), a felony under Georgia law, in the case *State of Georgia v. Brandon Jamaal Morton*, No. D0288718 (DeKalb Super. filed Feb. 21, 2022).

18.

The criminal case is still pending against Mr. Morton as of the date this First Amended Complaint is filed.

*Plaintiff's Traumatic Damages*

19.

After the rape, Plaintiff could not bear to return to work at AutoZone.

20.

Plaintiff suffered the overwhelming shame, humiliation, and trauma caused by the rape, which continue to this day. It has affected every aspect of her life and her relationships with family, friends, and others.

21.

Plaintiff has endured and continues to endure the mental, emotional, and psychological injury, pain, and suffering inflicted by the rape—scars she must bear for life.

22.

Plaintiff has sought relief through counseling, but thus far, it has not relieved the pain, stress, anxiety, and PTSD of the rape ordeal and its aftermath, which Plaintiff continues to live with every day.

23.

Plaintiff has suffered lost income, incurred out-of-pocket costs for counseling (the need for which is expected to continue indefinitely), and suffered

other economic and monetary losses for which Defendants are jointly and severally liable, the full extent of which are yet to be determined.

24.

Plaintiff has experienced and continues to experience significant trauma, pain, suffering, mental anguish, and other non-economic damages for which Defendants are jointly and severally liable.

### Count I: Sexual Harassment in Violation of Title VII
### (Against AutoZoners, LLC)

25.

Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

26.

Defendant AutoZoners, LLC was Plaintiff's employer, and Plaintiff was its employee, for purposes of Title VII.

27.

Defendant AutoZoners, LLC had more than fifteen employees at all times relevant to this Complaint and was an employer continuously engaged in an industry affecting commerce within the meaning of Title VII.

28.

Defendant Morton was Plaintiff's supervisor at AutoZone.

29.

Plaintiff is a female.

30.

Defendant AutoZoners, LLC subjected Plaintiff to sexual harassment and a work environment that was so hostile to Plaintiff because of her sex (female) that it altered the terms and conditions of her employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII").

31.

Defendant AutoZoners, LLC also took an adverse action (constructive discharge) against Plaintiff based on her sex by subjecting her to working conditions that were so intolerable, severe, pervasive, abusive, and unwelcome that no reasonable person in Plaintiff's condition could be expected to endure them. It was it was no longer possible for Plaintiff to work for AutoZone due to the traumatic physical, mental, emotional and psychological harm she suffered there.

32.

Defendant AutoZoners, LLC is liable for the rape, harassment, hostile work environment, and tangible adverse action to which Plaintiff was subjected while employed at AutoZone.

33.

Defendant AutoZoners, LLC's conduct was willful and intentional.

34.

As a direct and proximate result of AutoZone's unlawful employment practice, Plaintiff has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and torment that continues to this day. Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

### Count II: Premises Liability (O.C.G.A. § 51-3-1)
### (Against AutoZone Stores LLC and AutoZoners, LLC)

35.

Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

36.

At all times relevant hereto, including on February 21, 2022, Plaintiff was an invitee at the AutoZone store located at 1805 Memorial Drive (the "Premises").

37.

On and prior to February 21, 2022, the Premises were owned and/or occupied by AutoZone Stores LLC and AutoZoners, LLC, as there was an AutoZone retail store located on the Premises that was a joint venture between the two AutoZone entities.

38.

At all times relevant hereto, including on February 21, 2022, AutoZone owed a duty to Plaintiff to exercise ordinary care in keeping its owned or occupied Premises safe.

39.

On or prior to February 21, 2022, AutoZone knew, or in the exercise of reasonable care should have known, about the dangerous conditions and inadequate security in and about its Premises, including the risk to Plaintiff and other female customers and employees of sexual assault.

40.

AutoZone refused and failed to address the known or knowable risk of injury to its female customers and employees such as Plaintiff, failed to keep its Premises safe and secure, and failed to adequately and properly protect Plaintiff, all in breach of the duty of care it owed to Plaintiff.

41.

As a direct and proximate result of AutoZone's negligent failure to keep its Premises safe, Plaintiff has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day. Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

### Count III: Negligent Hiring, Training, Supervision, and Retention
### (Against AutoZone Stores LLC and AutoZoners, LLC)

42.

Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

43.

AutoZone was negligent in hiring Defendant Morton and entrusting him with the power and authority of Store Manager because it knew or should have known or should have determined his propensity for abusive behavior, sexual harassment, and assault.

44.

Had AutoZone exercised that degree of care that a reasonable employer would have exercised under the same or similar circumstances, it would  not have employed Defendant Morton as store manager, because it would have known (if it did not actually know) that he was unfit for employment precisely because of the risk of harm that materialized to cause Plaintiff's injuries and damages.

45.

AutoZone was negligent not just in the hiring and retention of Defendant Morton, but also in providing him with training and supervision. Had AutoZone exercised that degree of care that a reasonable employer would have exercised under the same or similar circumstances, it would have provided Defendant Morton with more training, more supervision, and more accountability—and thereby provided Plaintiff and other AutoZone employees with more security—

that would have prevented the circumstances that allowed Defendant Morton to assault Plaintiff.

46.

AutoZone is liable for the injuries to Plaintiff caused by the rape due to its negligent hiring, training, supervision and/or retention of Defendant Morton to whom AutoZone delegated supervisory authority over Plaintiff.

47.

As a direct and proximate result of AutoZone's negligent hiring, training, supervision and/or retention of Defendant Morton, Plaintiff has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day. Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

### Count IV: Assault and Battery
### (All Defendants)

48.

Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

49.

AutoZone Store Manager, Defendant Morton, committed assault of Plaintiff by placing her in fear of imminent harmful or offensive contact. Plaintiff never consented to any such behavior by the AutoZone Store Manager.

50.

Defendant Morton committed a battery of Plaintiff by intentionally and wrongfully making physical contact with her without her consent. Plaintiff never consented to any such behavior by the AutoZone Store Manager

51.

Defendant Morton aggravated the assault and battery by forcefully raping Plaintiff on premises owned and operated by AutoZone.

52.

AutoZone and its store manager, Defendant Morton, are jointly and severally liable to Plaintiff for the damages she suffered as a result of the assault, battery, and rape. AutoZone is vicariously liable for the acts of its supervisor and agent, which were committed within the scope and in furtherance of his employment and/or ratified by AutoZone after the fact.

53.

As a direct and proximate result of the assault and battery of Plaintiff, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day. Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone

### *Count V: False Imprisonment*
### *(All Defendants)*

54.

Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

55.

Prior to and during the rape of Plaintiff, Defendant Morton intended to, and did in fact, confine her in the secluded section of the store where she could not escape. Plaintiff was conscious of the confinement as she felt trapped and overpowered. Plaintiff did not consent to the confinement, nor was her confinement privileged in any way. Consequently, Defendant Morton engaged in and is liable for the false imprisonment of Plaintiff.

56.

AutoZone and its store manager, Defendant Morton, are jointly and severally liable to Plaintiff for the damages she suffered as a result of the false imprisonment. AutoZone is vicariously liable for the acts of its supervisor and agent, which were committed within the scope and in furtherance of his employment and/or ratified by AutoZone after the fact.

57.

As a direct and proximate result of AutoZone and its store manager's false imprisonment and rape of Plaintiff, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day. Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

### *Count VI: Negligent Infliction of Emotional Distress*
### *(All Defendants)*

58.

Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

59.

The rape of Plaintiff by Defendant Morton was extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society. The conduct was undertaken with complete disregard of the severe emotional distress it was certain to cause, and which it did in fact cause to Plaintiff. AutoZone breached its duty to provide safe working conditions for its employees free of sexual harassment and abuse.

60.

AutoZone and its store manager, Defendant Morton, are jointly and severally liable to Plaintiff for the damages she suffered as a result of the emotional distress inflicted upon her. AutoZone is vicariously liable for the acts of its supervisor and agent, which were committed within the scope and in furtherance of his employment and/or ratified by AutoZone after the fact.

61.

As a direct and proximate result of AutoZone and the AutoZone Store Manager's negligent infliction of emotional distress on Plaintiff, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day. Plaintiff is entitled to damages as provided by law,

including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone.

### Count VII: Intentional Infliction of Emotional Distress
### (All Defendants)

62.

Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if fully set forth herein.

63.

Defendant Morton's assault of Plaintiff was extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society. The conduct was undertaken intentionally and with complete disregard of the severe emotional distress it was certain to cause, and which it did in fact cause to Plaintiff.

64.

AutoZone and its store manager, Defendant Morton, are jointly and severally liable to Plaintiff for the damages she suffered as a result of the emotional distress inflicted upon her. AutoZone is vicariously liable for the acts of its supervisor and agent, which were committed within the scope and in furtherance of his employment and/or ratified by AutoZone after the fact.

65.

As a direct and proximate result of AutoZone and the AutoZone Store Manager's intentional infliction of emotional distress on Plaintiff, she has suffered pain, humiliation, mental, emotional and psychological stress, anxiety and PTSD that continues to this day. Plaintiff is entitled to damages as provided by law, including punitive damages for the willful, conscious and callous indifference to the safety of Plaintiff as an employee of AutoZone

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant judgment in Plaintiff's favor and against Defendants on all counts in this Amended Complaint;

2. Award Plaintiff compensatory damages in an amount reasonable and commensurate with the harm done and the losses imposed upon her by Defendants' unlawful conduct, including damages to compensate her for the physical and mental pain and distress she has endured and continues to suffer from;

3. Award Plaintiff punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to punish Defendants and deter similar conduct in the future;

4.  Award Plaintiff her attorneys' fees and expenses of litigation;

5.  Award Plaintiff pre- and post-judgment interest at the maximum rates allowable by law;

6.  Grant a trial by jury on all issues so triable; and

7.  Grant any further relief deemed necessary, proper, or just.

Submitted this 20th day of January, 2023.[1]

    /s Jennifer K. Coalson
A. Lee Parks, Jr.
Georgia Bar No. 563750
Jennifer K. Coalson, Esq.
Georgia Bar No. 266989
PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth St., Suite 2600
Atlanta, Georgia 30309
(404) 873–8000
lparks@pcwlawfirm.com
jcoalson@pcwlawfirm.com

Jonathan W. Johnson
Georgia Bar No. 394830
Jonathan W. Johnson, LLC
2296 Henderson Mill Road, Suite 406
Atlanta, GA 30345
(404) 298-0795 (Phone)
jwj@jonathanjohnsonatlantalawyer.com

*Counsel for Plaintiff*

---

[1] Pursuant to Local Rule 7.1(D), undersigned counsel certifies that this filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

- 20 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERICKA BROWN,

    Plaintiff,

v.

AUTOZONERS, LLC and BRANDON
MORTON,

    Defendants.

CIVIL ACTION FILE

No. 1:22-cv-4529-JPB-JEM

**CERTIFICATE OF SERVICE**

I certify that on the date below, I served the foregoing FIRST AMENDED COMPLAINT on all parties to this case by e-filing the same using the Court's Case Management and Electronic Case Filing (CM/ECF) system, which will automatically serve a copy of the same on all counsel of record.

Dated: January 20, 2023.

        */s Jennifer K. Coalson*
Jennifer K. Coalson, Esq.
Georgia Bar No. 266989
jcoalson@pcwlawfirm.com

- 21 -