IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERICKA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDON MORTON,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:22-cv-4529-JPB-JEM |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Tericka Brown hereby respectfully moves this Court to remand this case to the State Court of Clayton County, showing as follows.

## I.   Procedural History

After Plaintiff Tericka Brown was raped while at work, she commenced this lawsuit against her former employer as well as her former supervisor and assailant, Defendant Brandon Morton. In October 2022, Plaintiff filed her original complaint in the State Court of Clayton County. She brought a federal Title VII claim against her former employer and state-law claims against the employer and Mr. Morton. *See* [Doc. 1-1] at pp.2–13. The corporate defendants subsequently removed the case to this Court based on the existence of federal-question jurisdiction under 28 U.S.C. § 1331. [Doc. 1] at p.2, ¶¶ 4–7. Plaintiff filed a First

Amended Complaint in January 2023 to address arguments by the corporate defendants that her original complaint named the wrong corporate entities and included a state-law claim that was not cognizable under Georgia law. *See* [Doc. 10] at pp. 3, 7; [Doc. 13]. Like the original complaint, though, the First Amended Complaint included one federal claim against the corporate defendants alone, as well as various state-law claims asserted against the corporate defendants and Mr. Morton. *See generally* [Doc. 13].

Plaintiff has now filed a Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.[1] The Second Amended Complaint dismisses the lone federal claim and drops the corporate defendants from the case entirely. As such, the only claims remaining in this case are claims arising under Georgia state law that are asserted by one Georgia citizen against another Georgia citizen. *See* Second Amended Complaint at ¶¶ 1, 5, and Counts I–III. Because there is no federal question and no diversity of citizenship between the parties in this case, and further because the State Court of Clayton County has a greater interest in the resolution of the pending state-law claims between two Georgia citizens, Plaintiff now moves this Court to remand the case back to state court.

---

[1] Before filing the Second Amended Complaint, Plaintiff secured the consent, in writing via e-mail, from both Mr. Morton's counsel and counsel for the corporate defendants.

## II.     The Court Should Remand This Case to State Court

So long as federal subject-matter jurisdiction exists when a case is removed to federal court, it is not technically lost by subsequent developments in a case. *See*, *e.g.*, *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("Finally, we note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal. If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."). A court therefore has the ability and discretion pursuant to 28 U.S.C. § 1367 to retain jurisdiction over state-law claims even after all federal claims have been dismissed, but it also has the discretion to dismiss those claims. *Silas v. Sheriff of Broward County*, 55 F.4th 863, 865 (11th Cir. 2022) ("After it dismissed the federal claims, the district court had the discretion either to continue to exercise supplemental jurisdiction over the state claims or to dismiss them."); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

While the Court's discretion is broad, the Supreme Court and the Eleventh Circuit alike have repeatedly cautioned against a decision to retain jurisdiction over state-law claims where all federal claims have been dismissed and there is no

diversity jurisdiction.[2] "Although the district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed." *Silas*, 55 F.4th at 866. As the Supreme Court has explained:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The Eleventh Circuit Court of Appeals has therefore "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).[3]

Unsurprisingly, Judges in the Northern District of Georgia routinely heed these instructions and remand cases where the federal claims are dismissed prior to trial and only state claims remain. *See, e.g.*, *Mercer v. Wash. Mut. Homes Loans*,

---

[2] In this case, there has never been any contention that a federal court could exercise diversity jurisdiction over this matter, as both Plaintiff Brown and Defendant Morton are individual citizens of the State of Georgia. *See* [Doc. 13] at ¶¶ 1, 5.

[3] Although these courts speak in terms of "dismissal"—often because the federal claims are disposed of involuntarily on a motion to dismiss or motion for summary judgment, rather than voluntarily through the filing of an amended complaint—the question turns on the exercise *vel non* of supplemental jurisdiction. Here, because the case was originally filed in state court and removed to federal court, and further to avoid any prejudice to Plaintiff relating to the 11 months that have passed since her original complaint was filed, the appropriate means of declining to exercise supplemental jurisdiction is a remand rather than a dismissal without prejudice.

*Inc.*, No. 1:05-cv-2958-TCB, 2006 WL 8432918 (N.D. Ga. May 23, 2006) (remanding case after amendment to complaint that eliminated all federal claims); *Ponder v. Synchrony Bank*, No. 1:20-cv-3097-CAP-JSA, 2020 WL 10229032, at *4 (N.D. Ga. Oct. 15, 2020) (recommending remand of case after voluntary dismissal of federal claim), *R&R adopted*, 2020 WL 10229108 (N.D. Ga. Nov. 18, 2020). Plaintiff respectfully asks that this Court follow suit and remand this case.

### III. Conclusion

In this case, principles of comity, federalism, judicial economy, and fairness weigh in favor of remanding this case to the State Court of Clayton County now that the lone federal claim has been dismissed. For all of these reasons, Plaintiff respectfully asks that this Court grant the instant motion.

Respectfully submitted this 12th day of September, 2023.

                                                */s Jennifer K. Coalson*
A. Lee Parks, Jr.
Georgia Bar No. 563750
Jennifer K. Coalson, Esq.
Georgia Bar No. 266989
PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth St., Suite 2600
Atlanta, Georgia 30309
(404) 873–8000
lparks@pcwlawfirm.com
jcoalson@pcwlawfirm.com

Jonathan W. Johnson
Georgia Bar No. 394830
Jonathan W. Johnson, LLC

>2296 Henderson Mill Road, Suite 406
>Atlanta, GA 30345
>(404) 298-0795 (Phone)
>jwj@jonathanjohnsonatlantalawyer.com
>
>*Counsel for Plaintiff*